UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL-CHRISTOPHER LANZON,                    Case No. 18-12737

        Plaintiff,                                   Mark A. Goldsmith
v.                                                                     United States District Judge

COUNTY OF LIVINGSTON, *et al.*,              Stephanie Dawkins Davis
                                                      United States Magistrate Judge

        Defendants.
_____/

**REPORT AND RECOMMENDATION:
RULE 41B DISMISSAL AND MOTION FOR
JUDGMENT ON THE PLEADINGS (Dkt. 16)**

## I.   PROCEDURAL HISTORY

Plaintiff filed a *pro se* civil rights complaint on September 4, 2018, (Dkt. 1), and filed an amended complaint on September 11, 2018. (Dkt. 5). On October 16, 2018, District Judge Mark A. Goldsmith referred pretrial matters to the undersigned. (Dkt. 13). On January 4, 2019, the defendants filed a motion for judgment on the pleadings. (Dkt. 16). On January 11, 2019, the Court ordered plaintiff to respond to the motion for judgment on the pleadings by February 4, 2019. (Dkt. 17). In that Order, the Court warned plaintiff that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 17, at p. 1) (emphasis in original). On March 25, 2019, having received no response from plaintiff, the Court ordered

1

plaintiff to show cause in writing on or before April 8, 2019, why the undersigned should not recommend that his complaint be dismissed due to his failure to file a response.  (Dkt. 18, at p. 1).   In the order to show cause the Court warned plaintiff that "**Failure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for judgment on the pleadings will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**"   (*Id.*) (emphasis in original).

As of the date of this Report and Recommendation, plaintiff has not filed a response to either the court's order requiring a response to the motion for judgment on the pleadings or to the order to show cause.   Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that defendants' motion for judgment on the pleadings be **TERMINATED** as moot.

II.     **ANALYSIS AND CONCLUSIONS**

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001).   Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link*, 370 U.S. at 629.   "The power to invoke this sanction

2

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or

3

fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. For these reasons, both the first and second factors weigh in favor of dismissal.

Further, based on the warnings given to plaintiff, the third factor also weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).

Importantly, despite the court's warnings that defendants' motion for judgment on the pleadings may be granted and that his action may be dismissed, plaintiff failed to respond to either of the courts' orders. (Dkt. 17, 18). The court expressly warned plaintiff that a failure to respond to the motion for judgment on the pleadings may result in sanctions, *including granting all or part of the relief requested by defendants*. (Dkt. 17). With plaintiff having filed no response, the Court ordered plaintiff to show cause why the action should not be dismissed for failure to file a response. In the order to show cause, the Court warned that "**Failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this matter be dismissed under**

4

**Rule 41(b).**" (Dkt. 18). Despite the unambiguous language of these warnings, plaintiff has remained silent and thus provided no good reason why the Court should not dismiss the complaint. *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

Finally, in light of plaintiff's failure to respond to both the Court's order to file a response and it's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Indeed, it appears that plaintiff has not caused anything to be placed on the docket since providing the Court with a summons for service to defendants over six months ago (Dkt. 11). Thus, taken together, these factors support dismissal for failure to prosecute. Plaintiff is a *pro se* litigant and it is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237,

5

1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case by failing to file a response to the motion for judgment on the pleadings as ordered and for failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), and that defendants' motion for judgment on the pleadings be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 7, 2019
s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on May 7, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant: Daryl-Christopher Lanzon, 20860 Trebesh Road West, Pinckney, MI 48169.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov